IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN CAMPBELL,

Plaintiff

v. Case No. 1:14-cv-00621-RDB

CENTER FOR SOCIAL CHANGE, INC.,

Defendant

JOINT MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO SEAL JOINT MOTION TO APPROVE SETTLEMENT

Brian Campbell, Plaintiff ("Mr. Campbell"), and The Center for Social Change, Inc. ("The Center"), Defendant, by their undersigned counsel, respectfully seek reconsideration of the Court's September 15, 2014 letter order requiring the submission of the parties' settlement agreement for Court approval or, in the alternative, ask that their Joint Motion to Approve Settlement and its accompanying exhibits, including their settlement agreement, be placed under seal and as grounds therefore state:

1. On September 2, 2014, the parties reached a confidential settlement fully resolving this lawsuit between Mr. Campbell and his former employer, The Center, in which Mr. Campbell alleged that The Center is liable to him for damages stemming from the termination of his employment in violation of the Fair Labor Standards Act, the Maryland Wage Payment and Collection Law, and state common law.

2. Mr. Campbell worked for The Center from December 6, 2012 to February 3, 2014 as a Program Specialist. The Center terminated Mr. Campbell's employment on

February 3, 2014, following his return from four weeks' jury duty. Mr. Campbell alleged in this lawsuit that he was fired in retaliation for requesting that he be paid his full salary while on jury duty. In its defense, The Center asserted that it terminated Mr. Campbell after its discovery of certain work performance issues during Mr. Campbell's absence while on jury duty.

3. The parties are aware that this Court has required parties to articulate compelling reasons to justify sealing an FLSA settlement agreement because an FLSA settlement agreement submitted for Court approval is a judicial document to which attaches a presumption of public access. See Kianpour v. Restaurant Zone, Inc., Civ. No. DKC-11-0802, 2011 WL 3880463, *1 (D. Md. Aug. 30, 2011); Carpenter v. Colonial Mgmt. Group, LP, Civil No. JKB-12-686, 2012 WL 2992490, *1-2 (D. Md. July 19, 2012). This presumption arises in the first instance because of the requirement that certain FLSA settlement agreements be submitted for Court approval. See Kianpour, 2011 WL 3880463 at *1. Secondly, Courts have recognized "the private-public character of employee rights under the FLSA, whereby the public has an independent interest in assuring that employees wages are fair and thus do not endanger the national health and wellbeing." Id. at *2 (internal quotations omitted).

4. Here, the parties resolved an FLSA claim arising solely under the statute's anti-retaliation provision, 29 U.S.C. § 215(a)(3). Neither unpaid minimum wage nor overtime compensation were at issue in this litigation. While the parties have submitted their settlement agreement for approval at the Court's request, several courts have determined that FLSA retaliation claims may appropriately be settled without Court supervision and

approval. See Galves v. Americlean Services Corp., No. 1:11cv1351, 2012 WL 2522814, *4 n. 4 (E.D. Va. June 29, 2012); Dorner v. Polsinelli, White, Vardeman & Shalton, P.C., 856 F. Supp. 1483, 1488-1489 (D. Kan. 1994) ("Congress' omission of any reference to retaliatory discharge claims in the supervision statute, while specifically referring to other statutory claims, clearly implies that Congress did not intend for the supervision statute to apply to retaliation claims."); Hernandez v. Iron Container, LLC, No. 13-22170-CIV, 2014 WL 633848 (S.D. Fla. Feb. 18, 2014) ("Here, the Court agrees with the parties that as a legal matter it does not need to approve Hernandez's retaliatory discharge settlement.") Thus, as an initial matter, the parties would request reconsideration of the Court's September 15, 2014 order requiring the submission of their settlement agreement for Court approval. Should the Court determine that it need not supervise the parties' FLSA retaliation settlement then the parties' Joint Motion to Approve Settlement and settlement agreement can be stricken from the docket preserving the agreement's confidentiality.

5. Should this Court determine that it must review and approve the parties' settlement agreement, implicating the presumption of public access, the parties would urge the Court to seal their Joint Motion to Approve Settlement and its exhibits, including their Settlement Agreement, because both parties have substantial need to maintain the confidentiality of the terms of their agreement and its attendant circumstances which outweigh the presumption of public access.

6. As noted, the parties' dispute does not implicate broader minimum wage or overtime issues which may be of wider public interest and import. Rather, sealing is justified in this case where it may not be in a typical FLSA wage settlement because the motion to approve the settlement addresses claims about Mr. Campbell's work performance and the settlement agreement contains provisions governing Mr. Campbell and The Center's future conduct with regard to each other. This was not a simple dispute concerning the proper calculation of wages. Both parties have an interest in moving on from their dispute with a clean slate. To that end, a confidentiality agreement was included in the settlement agreement and the parties respectfully ask the Court to maintain the confidentiality of their agreement by placing their motion to approve settlement and its exhibits under seal.

7. Additionally, Mr. Campbell's counsel wishes to preserve attorney-client confidentiality as to the fee arrangements between them and would be unable to divulge these publicly without effectively disclosing terms of the settlement agreement.

WHEREFORE, for all of the foregoing reasons, the parties respectfully seek reconsideration of the Court's September 15, 2014 letter order requiring the submission of the parties' settlement agreement for Court approval or, in the alternative, ask that their Joint Motion to Approve Settlement and its accompanying exhibits, including their settlement agreement, be placed under seal.

_________________/s/_______________
Jack L. B. Gohn
Bar No. 02823
Gohn Hankey Stichel & Berlage, LLP
Suite 2101
201 N. Charles St.
Baltimore, MD 21201
(410) 752-0412 (telephone)
(410) 752-2519 (telecopier)
jgohn@ghsllp.com
Counsel for Plaintiff Brian Campbell

_______/s/________________________
James S. Aist (Bar No. 05946)
Ryan K. Bautz (Bar No. 27888)
ANDERSON, COE & KING, LLP
Seven Saint Paul Street, Suite 1600
Baltimore, MD 21202
(443) 573-9309 (telephone)
(410) 752-9173 (telecopier)
aist@acklaw.com
bautz@acklaw.com
Counsel for Defendant The Center for Social Change, Inc.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of October, 2014, a copy of the aforegoing was electronically filed and sent by first-class mail to:

James S. Aist (Bar No. 05946)
Ryan K. Bautz (Bar No. 27888)
ANDERSON, COE & KING, LLP
Seven Saint Paul Street, Suite 1600
Baltimore, MD 21202

_________________/s/________________
Jack L. B. Gohn

0007472.wpd